UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| WHEATLAND TUBE<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES<br><br>*Defendant.* | Court No. 22-00160 |

## COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Wheatland Tube ("Wheatland" or "Plaintiff"), by and through its undersigned attorneys, hereby files the instant complaint and alleges as follows:

## ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff contests certain aspects of the final determination issued by the U.S. Department of Commerce ("Commerce"), in its 2019-2020 administrative review of the antidumping ("AD") order on circular welded non-alloy steel pipe from the Republic of Korea. Commerce published its final determination as *Circular Welded Non-Alloy Steel Pipe From the Republic of Korea: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019–2020*, 87 Fed. Reg. 26,343 (Dep't Commerce May 4, 2022) ("*2019-2020 Final*"). The findings and conclusions of the contested determination are set forth in the accompanying *Issues and Decision Memorandum for the Final Results of the 2019-2020 Administrative Review of the Antidumping Duty Order on Circular Welded Non-Alloy Steel Pipe from the Republic of Korea*, No. A-580-809 (Dep't Commerce April 26, 2022) (*"Final IDM"*).

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c). This section of the statute confers jurisdiction on the U.S. Court of International Trade to review final AD determinations issued by Commerce under Section 516A(a)(2)(A)(i)(I) and (B)(iii) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (B)(iii).

## STANDING

3. Plaintiff is a U.S. producer of circular welded non-alloy steel pipe ("CWP") and so is an interested party as defined by 19 U.S.C. §§ 1516a(f)(3), 1677(9)(C). Plaintiff was also an active participant before Commerce in the administrative review that led to the challenged determination that is the subject of this appeal. Plaintiff therefore has standing pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c) as an interested party that was a party to the proceeding in connection with which this Complaint arises and is entitled to commence this action pursuant to 28 U.S.C. § 2631(c).

## TIMELINESS OF ACTION

4. Section 516A(a)(2)(A)(i) of the Act requires that, in actions challenging Commerce's determinations described in Section 516A(a)(2)(B)(iii), the summons must be filed within thirty (30) days of the date of publication in the Federal Register of notice of the contested final determination, and the complaint must be filed within thirty (30) days thereafter. See 19 U.S.C. § 1516a(a)(2)(A)(i); *see also* USCIT Rule 3(a). Plaintiff is concurrently filing the summons with this complaint within 30 days of the May 4, 2022 publication of the *2019-2020 Final*. Therefore, this action is timely brought.

## STANDARD OF REVIEW

5. This Court reviews final determinations issued by Commerce pursuant to 19 U.S.C. § 1675 to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

6. Commerce initiated the 2019-2020 administrative review on CWP from Korea on January 6, 2021. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 511 (Dep't Commerce Jan. 6, 2021). Commerce selected Korean exporters Husteel Co., Ltd. ("Husteel") and Hyundai Steel Company ("Hyundai Steel") as the two mandatory respondents for individual examination in the review.

7. Both respondents requested that Commerce grant an adjustment to the prices Commerce would use in calculating their dumping margins for what each respondent claimed were differences in the level of trade ("LOT") between their U.S. constructed export price ("CEP") sales and the comparison sales made in their home market, per 19 U.S.C. § 1677b(a)(7)(A) and Commerce's regulations at 19 C.F.R. § 351.412. Both respondents submitted information they argued provided support for such an offset. Commerce also issued one supplemental questionnaire to Husteel seeking, *inter alia*, additional information on Husteel's LOT claims.

8. In its November 30, 2021 preliminary determination in the 2019-2020 review, Commerce granted both respondents a LOT adjustment through an offset to their CEP sales prices (a "CEP offset"). Commerce stated that both respondents had provided evidence that their sales were made at different LOTs and that the intensity of selling functions differed between the LOTs.

9. In a January 6, 2022 case brief, Wheatland Tube reminded Commerce that Commerce had previously adjusted its practice in granting LOT adjustments so that statutory and regulatory

constraints were more fully integrated. Commerce now required that a respondent seeking such a price adjustment provide quantitative information showing that differences in the prices of the sales in the different LOTs were caused by those LOT differences, and not other factors, before Commerce would make an adjustment to reflect those price differences. Plaintiff showed how the information submitted by Husteel and Hyundai Steel failed to address that principal issue. Plaintiff also pointed out that in the immediately proceeding administrative review of this AD order, Husteel had submitted similar information to what it provided in the instant review; and, in that review, Commerce had warned Husteel that this was no longer adequate under Commerce's practice and that in future reviews the full relevant analysis would be necessary.

10. In its April 26, 2022 final determination in the 2019-2020 review, Commerce agreed with Plaintiff that "neither respondent provided an adequate quantitative analysis" of the relevant price issue. *Final IDM* at 13. Regardless of its finding that the record lacked substantial evidence to support a LOT adjustment to price, Commerce decided to grant both Husteel and Hyundai Steel the adjustment sought, reasoning that it had not given the respondents enough opportunity to submit full factual support of their claims. *Id.* at 14. Commerce again stated that it was again informing all parties that the relevant information on pricing would be required in the future. *Id.*

## CLAIMS AND BASES FOR RELIEF

### COUNT ONE

11. Plaintiff hereby incorporates paragraphs 1 through 10 of this Complaint.

12. Commerce's practice and regulations require that a respondent seeking a price adjustment must fully bear the burden of providing full factual support for that adjustment, including a quantitative analysis showing the effect of LOT differences on price comparability in the case of a LOT adjustment. Commerce's practice was fully known by respondents in this review.

4

13. Despite recognizing that Husteel and Hyundai Steel failed to meet this burden and that the record lacked substantial evidence to support this price adjustment, Commerce granted the adjustments.

14. Thus, Commerce's decision to grant Husteel and Hyundai Steel a CEP offset in the final determination is unsupported by substantial evidence and otherwise not in accordance with law

*   *   *   *

## **REQUEST FOR JUDGMENT AND RELIEF**

15. Wherefore, Plaintiff respectfully requests that this Court:

   a. hold and declare that the aspects of Commerce's *Final Determination* described herein are unsupported by substantial evidence on the record or otherwise not in accordance with law;

   b. remand this case to Commerce for disposition consistent with the decision of this Court; and

   c. provide such other relief as this Court deems just and appropriate.

                        Respectfully submitted,

                        /s/ Roger b. Schagrin

                        Roger B. Schagrin
                        Christopher T. Cloutier
                        Elizabeth J. Drake
                        Luke A. Meisner
                        Jeffrey D. Gerrish
                        William A. Fennell
                        Joseph A. Laroski, Jr.
                        Nicholas J. Birch
                        Benjamin J. Bay
                        Kelsey M. Rule
                        Michelle R. Avrutin
                        Saad Younus Chalchal
                        Michael Panfeld, *Consultant*
                        Rui Fan, *Consultant*
                        David DePrest, *Consultant*

                        SCHAGRIN ASSOCIATES
                        900 Seventh Street, N.W., Suite 500
                        Washington, DC 20001
                        (202) 223-1700
                        *Counsel to Wheatland Tube*

Dated: May 27, 2022