## UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| WHEATLAND TUBE COMPANY.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES<br><br>Defendant,<br><br>and<br><br>HUSTEEL CO., LTD., HYUNDAI STEEL COMPANY, SeAH STEEL CORPORATION, AND NEXTEEL CO., LTD.<br><br>Defendant-Intervenors. | Consol. Ct. No. 22-00160 |

## RESPONSE BRIEF OF DEFENDANT-INTERVENOR HUSTEEL CO., LTD. IN OPPOSITION TO PLAINTIFF WHEATLAND TUBE COMPANY'S MOTION FOR JUDGMENT UPON THE AGENCY RECORD

Brady W. Mills
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Mary S. Hodgins
Eugene Degnan
Edward J. Thomas III
Jordan L. Fleischer
Nicholas C. Duffey

**MORRIS, MANNING & MARTIN LLP**
1401 Eye Street NW, Suite 600
Washington, D.C. 20005
(202) 216-4116

January 5, 2023

*Counsel to Defendant-Intervenor Husteel Co., Ltd.*

# TABLE OF CONTENTS

I.   ADMINISTRATIVE DETERMINATION UNDER REVIEW ......................................... 1
II.  ISSUES PRESENTED FOR REVIEW ................................................................................. 2
III. ARGUMENT ............................................................................................................................ 2
IV.  CONCLUSION AND RELIEF REQUESTED ..................................................................... 4

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Eregli Demir v. Celik Fabrikalari T.A.S,*
   308 F. Supp. 3d 1297 (Ct. Int'l Trade 2018) ............................................................................2, 3

**Statutes**

19 U.S.C. § 1677m(b) ...................................................................................................................3

19 U.S.C. § 1677m(d) ...................................................................................................................3

**Other Authorities**

*Circular Welded Non-Alloy Steel Pipe from the Republic of Korea: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019 to 2020,* 87 Fed. Reg. 26,343 (Dep't Commerce May 4, 2022) ................................................................1, 2

## UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| WHEATLAND TUBE COMPANY. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES )<br>)<br>Defendant, )<br>)<br>and )<br>)<br>HUSTEEL CO., LTD., SeAH STEEL )<br>CORPORATION, AND NEXTEEL CO., LTD. )<br>)<br>Defendant-Intervenors. )<br>) | Consol. Ct. No. 22-00160 |

**RESPONSE BRIEF OF DEFENDANT-INTERVENOR HUSTEEL CO., LTD. IN OPPOSITION TO PLAINTIFF WHEATLAND TUBE COMPANY'S MOTION FOR JUDGMENT UPON THE AGENCY RECORD**

In accordance with Rule 56.2 of the Rules of this Court, and the Scheduling Order entered by this Court on July 29, 2022, Defendant-Intervenor Husteel ("Husteel") files this response brief in opposition to Plaintiff Wheatland Tube Company's ("Wheatland") Rule 56.2 Motion for Judgment on the Agency Record, *Wheatland Tube Company v. United States* (Oct. 5, 2022) ECF No. 38.

**I.      ADMINISTRATIVE DETERMINATION UNDER REVIEW**

The administrative determination under review is the U.S. Department of Commerce's ("Commerce") final results of the antidumping duty ("AD") administrative review of circular welded non-alloy steel pipe ("standard pipe") from Korea, which covered Husteel's entries of standard pipe into the United States between November 1, 2019, and October 31, 2020. *Circular*

1

*Welded Non-Alloy Steel Pipe from the Republic of Korea: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019 to 2020*, 87 Fed. Reg. 26,343 (Dep't Commerce May 4, 2022) ("Final Results") (PR Doc. 309[1]), and accompanying Issues and Decision Memorandum ("IDM") (PR Doc 306).

## II.   ISSUES PRESENTED FOR REVIEW

Whether Commerce's decision to grant Husteel and the other respondent a constructed export price ("CEP") offset is supported by substantial evidence and is in accordance with law.

## III.   ARGUMENT

Defendant filed its Opposition to Plaintiff's Rule 56.2 Motion for Judgment on the Agency Record on December 5, 2022. *See* Def.'s Resp. in Opp'n to Mot. for J. upon the Admin. R. (Dec. 5, 2022) ("Defendant's Br.") ECF No. 39. The Court's December June 22, 2022, Rule 16 notice expressly provided that when intervening parties in this case, including Husteel, file their response briefs, they were not to repeat arguments made in the earlier briefs filed by the Defendant. ECF No. 16. Accordingly, Husteel hereby advises the Court that it concurs with, and adopts by reference, the arguments made in Defendant's Opposition to Plaintiff's 56.2 motion. Specifically, Husteel agrees that Commerce reasonably determined to accept the submitted information as sufficient for purposes of this review to grant a CEP offset to Husteel. *See* Defendant's Br. at 9-15.

Husteel further emphasizes that Wheatland's arguments that Commerce's statutory obligation pursuant to 19 U.S.C. § 1677m(d) is somehow nullified by Husteel's burden to support its CEP offset is contrary to law. In *Eregli Demir v. Celik Fabrikalari T.A.S*, 308 F.

---

[1] Citations to the administrative record shall be to the public or confidential record document number ("PR Doc." or "CR Doc.") followed by the page or exhibit number. Due to the file size limitations that apply to Commerce's recently implemented electronic filing system, certain large record documents are broken up into multiple consecutive documents (*e.g.*, "CR Docs. 1-5").

2

Supp. 3d 1297, 1318 (Ct. Int'l Trade 2018), the court examined this very issue of the respondent's burden to support a claim and the requirements of 19 U.S.C. § 1677m(d), and held that while "{i}t is true that respondents bear the burden of demonstrating eligibility for a duty drawback adjustment, and submitting accurate information, *see* 19 U.S.C. § 1677m(b). If, however, Commerce determines that a response to a request for information under this subtitle does not comply with the request, {Commerce} *shall* promptly inform the person submitting the response of the nature of the deficiency and *shall*, to the extent practicable, provide that person with an opportunity to remedy or explain the deficiency in light of the time limits established for the completion of investigations or reviews. 19 U.S.C. § 1677m(d)." *Id*. (emphasis added in the original) (internal citations omitted).

This court emphasized that the requirements of 19 U.S.C. § 1677m(d) are mandatory, regardless of the respondents burden of proof, explicitly stating that "{t}he Government's suggestion that Commerce's statutory obligation is mitigated by the respondent's burden to provide accurate information runs counter to the mandatory nature of § 1677m(d)." *Id.* Thus, as correctly recognized by Commerce in the instant case, by not notifying Hyundai Steel that Commerce found its information deficient to support a CEP offset, nor notifying Husteel that it found its information based on the same methodology deficient, Commerce would be in violation of its obligations under 19 U.S.C. § 1677m(d) if it denies the CEP offset to Husteel. This decision further supports Commerce's decision to grant Husteel a CEP offset in this particular case.

3

## IV.     CONCLUSION AND RELIEF REQUESTED

Based on the foregoing and for the reasons discussed in Defendant's response brief, Defendant-Intervenor Husteel respectfully requests that this Court hold that Commerce's decision to grant Husteel a CEP offset in the *Final Results* is supported by substantial evidence and is in accordance with law, and to therefore sustain the *Final Results* in their entirety.

Respectfully submitted,

/s/ Brady W. Mills
Brady W. Mills
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Mary S. Hodgins
Eugene Degnan
Edward J. Thomas III
Jordan L. Fleischer
Nicholas C. Duffey


MORRIS MANNING & MARTIN LLP
1401 Eye Street, NW, Suite 600
Washington, D.C. 20005
(202) 216-4116

Dated:  January 5, 2023                    *Counsel to Defendant-Intervenor Husteel Co., Ltd.*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing brief complies with the Standard Chambers Procedures of the U.S. Court of International Trade in that it contains 762 words including text, footnotes, and headings and excluding the table of contents, table of authorities and counsel's signature block, according to the word count function of Microsoft Word 2016 used to prepare this brief.

/s/ Brady Mills
Brady Mills